
FILED
DECEMBER 10, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEENA MARIE KEREKES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0108 |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Respondent, | § | |

**REPORT AND RECOMMENDATION**

Defendant TEENA MARIE KEREKES has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the motion be DENIED.

**I.
PROCEDURAL HISTORY**

On April 11, 2006, defendant was charged by indictment with one count of possession with intent to distribute marijuana. On April 20, 2006, defendant pled guilty to the charge. On June 7, 2006, defendant was sentenced to a term of 37 months confinement in a federal institution with a 3 years supervised release. Defendant did not directly appeal the conviction or sentence. She did, however, file an unsuccessful October 2, 2006 Pro Se Motion for Modification of Pre-Sentence Investigative Report which asserted the same grounds of Due Process and Ineffective Assistance of Counsel alleged in this motion, buttressing her argument by contending the result frustrates the Court's intent expressed at sentencing. Plaintiff requested

relief identical to that requested in the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed June 6, 2007.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant claims she received ineffective assistance of counsel because trial counsel failed to move for modification of the pre-sentence report to remove all mention of a firearm. Defendant also argues the Bureau of Prisons is depriving her of access to a congressionally given initiative contrary to the Fourteenth Amendment by defining a nonviolent crime for purposes of Title 18, United States Code, section 3621(e)(2)(B) to exclude drug offenses involving enhancements for possession of a firearm.

## III.
## MERITS OF THE CLAIMS

**Ineffective Assistance of Counsel**

In order to prevail on a claim that she was denied her constitutional right to the effective assistance of counsel, defendant must satisfy two requirements. "First, she would have to show that her attorney's conduct fell below an objective standard of reasonableness. Second, she would have to demonstrate a reasonable probability that she was prejudiced by her attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that her attorney's conduct was deficient requires a "showing that counsel

made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690. As for the issue of prejudice, defendant must do more than simply allege prejudice, she must "affirmatively prove" prejudice. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981). Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers. *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980). A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted. *Cockrell* at 1429; *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. *Strickland*, 466 U.S. at 692. A defendant must show that counsel's deficient performance prejudiced the defense. *Id.* Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Furthermore, the focus of the prejudice analysis is on whether

the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

In the instant case, defendant has failed to show prejudice. She cannot show the result of the proceeding was fundamentally unfair or unreliable because of the claimed ineffectiveness of counsel. Defendant does not contest the accuracy of the presentence report at paragraph 13, stating she admitted ownership of the handgun found in the car after the discovery of marijuana.. Further, defendant never challenged and does not now challenge the veracity of the arresting officer's affidavit, attached to the criminal complaint in 2:06-CV-0031, stating, in relevant part, that a handgun was discovered in defendant's car when the marijuana was discovered and that, after being Mirandized, defendant admitted the gun belonged to her. Consequently, the defendant's request, in actuality, is not that the presentence report be corrected, but that it be falsified or rendered inaccurate. Defendant is not entitled to such relief pursuant to Title 28, United States Code, section 2255 or any other statute.

**Due Process**

Further, defendant argues her due process rights are violated by Bureau of Prisons' action in promulgating 28 C.F.R. section 550.58(a)(1)(vi)(B) by which sentencing factors, such as the possession of a firearm during the commission of the crime, is considered in determining whether the prisoner is ineligible for early release based on completion of a drug treatment program as provided in Title 18, United States Code, section 3621(e)(2)(B).

Defendant's arguments on this point have been answered by the United States Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.#d.2d 635 (2001), by which the Supreme Court resolved the circuit split and ruled the challenged regulation was a permissible

exercise of the Bureau of Prison's discretion under section 23621(e)(2)(B). For these reasons, defendant's claim fails.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant TEENA MARIE KEREKES be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of December 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).

Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).